UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JEREMY ERWIN MORGAN, | ) |
| Plaintiff, | ) |
| v. | ) No.: 3:18-CV-118-TAV-HBG |
| KENNETH C. ANDERS, Detective, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The Court is in receipt of a complaint under 42 U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 4], both filed by Plaintiff Jeremy Erwin Morgan, a pro se prisoner. It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] will be **GRANTED**. However, for the reasons set forth below, no process shall issue, and this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

In his Complaint, Plaintiff names as a defendant Kenneth C. Anders, an officer with the Knoxville County Sheriff's Department [Doc. 1 p. 7]. Plaintiff alleges that, on April 9, 2017, Anders responded to an anonymous 911 call reporting that Plaintiff had beaten and raped his wife [*Id*. at 3–4]. Plaintiff argues that Anders "automatically assumed that [Plaintiff] was guilty," arrested him, and took him to jail; he was later charged with rape and kidnapping

[*Id.* at 4]. Plaintiff alleges that Anders failed to consider (1) "a rape kit that proved that the sexual assault did not happen"; (2) that his wife "was on probation [at] the time for falsifying police reports"; (3) that there was "no corroborating evidence and all the statements given by the victim and the witness were inconsistent"; (4) Plaintiff's own version of events—specifically, that the marks on his wife's neck were defensive wounds that Plaintiff inflicted after she cut his neck with a knife [*Id.*]. Plaintiff entered a guilty plea to aggravated assault "because of the marks on my wife's neck" [*Id.* at 5].

Plaintiff argues that Anders violated his Fourth Amendment rights by arresting and charging him "without proper evidence," and that "any reasonable officer would have recognized the gaps and [i]nconsistent statements by the victim and the witness [*Id.* at 4–5]. He requests declaratory relief and monetary damages [*Id.* at 6].

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). Courts must liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007), "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)."

2

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In order to succeed on a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Dominguez v. Corr. Med. Svcs.*, 555 F.3d 543, 549 (6th Cir. 2009); *Haywood v. Drown*, 556 U.S. 729, 731 (2009); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere"). However, the Supreme Court has held that:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (footnotes omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (holding that *Heck* bars § 1983 claims that could invalidate a prisoner's conviction and/or sentence regardless of whether damages or equitable relief are sought). Stated another way, "*Heck* makes clear that no cause of action exists [under § 1983]

until a conviction is legally eliminated." *Schilling v. White*, 58 F.3d 1081, 1087 (6th Cir. 1995).

In this case, Plaintiff's claims against Anders are related to an arrest and related criminal proceedings, which led to Plaintiff's conviction for aggravated assault in Tennessee state court. If Plaintiff prevailed on the merits of any of these claims, his success would necessarily implicate the invalidity of his conviction(s). Plaintiff has not set forth any allegations or evidence that would show that his conviction(s) have been vacated or otherwise set aside. Thus, under the *Heck* doctrine, he has no viable § 1983 causes of action at this time.

Even accepting the allegations of the complaint and the proposed amendments as true and liberally construing them in favor of Plaintiff, Plaintiff fails to state a claim upon which relief may be granted under § 1983. Accordingly, this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983 pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

Because Plaintiff is an inmate at the Knox County Detention Facility, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee, 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

4

(b) twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of the Knox County Detention Facility, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of Plaintiff's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

AN APPROPRIATE ORDER WILL ENTER.

                                        s/ Thomas A. Varlan
                                        CHIEF UNITED STATES DISTRICT JUDGE